Joshua Jordan, admitted Pro Se
6650 Rivers Ave, STE 100
Charleston, SC, 29406
Tel: 843.790.3989
joshlegalstuff@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Prehired, LLC, et al, | Case No.: 1:22-bk-11007 (JTD) |
| Debtors | Adv. Proc. No. _____ |
| JOSHUA JORDAN, Plaintiff, | **COMPLAINT FOR DECLARATORY** |
| v. | **JUDGMENT AND DAMAGES** |
| DON A. BESKRONE, in his capacity as Chapter 7 Trustee, Defendant. | |

Plaintiff Joshua Jordan ("Plaintiff" or "Jordan"), pro se, hereby files this Complaint against Don A. Beskrone, in his capacity as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Prehired, LLC, et al., and alleges as follows:

**INTRODUCTION**

1. This adversary proceeding seeks

    a. a declaratory judgment that certain Wells Fargo accounts and funds transferred therefrom were not property of the bankruptcy estate at the time of transfer;

1 - Complaint

    b. a determination that the Trustee is equitably estopped from claiming ownership of these funds; and

    c. damages for the Trustee's breach of fiduciary duty in making baseless claims and threats against Plaintiff.

2. This action arises from the Trustee's improper demand for turnover of approximately $79,000 in funds that were allegedly transferred from Wells Fargo accounts nearly two years after the Trustee explicitly confirmed he had taken control of all estate accounts, and which the Trustee made no effort to collect or administer for almost two years after the bankruptcy filing.

## APPLICABLE LEGAL STANDARDS

3. Chapter 7 trustees are fiduciaries who must exercise the highest standard of care in performing their duties. In re Melenyzer, 140 B.R. 143, 154 (Bankr. W.D. Tex. 1992).

4. The trustee's duties include:

    a. Collecting and reducing to money property of the estate (11 U.S.C. § 704(a)(1));

    b. Being accountable for all property received (11 U.S.C. § 704(a)(2));

    c. Investigating the financial affairs of the debtor (11 U.S.C. § 704(a)(4));

    d. Performing duties in the best interest of parties in interest (11 U.S.C. § 704(a)(7)).

5. A trustee must perform these duties with reasonable diligence and in a timely manner. In re Hutchinson, 5 F.3d 750, 754 (4th Cir. 1993).

6. A trustee may be held personally liable for breaches of fiduciary duty, including acts of negligence that harm the estate or parties in interest. Mosser v. Darrow, 341 U.S. 267 (1951).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

8. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

10. This Court has authority to enter a final order in this matter.

**PARTIES**

11. Plaintiff Joshua Jordan is an individual residing in South Carolina. Jordan is the former CEO of Prehired, LLC, member of Prehired, LLC, and an assignee of Prehired, LLC.

12. Defendant Don A. Beskrone is the Chapter 7 Trustee of the bankruptcy estate of Prehired, LLC, et al.

**FACTUAL BACKGROUND**

**A. The Bankruptcy Filing and Trustee's Initial Actions**

13. On September 29, 2022, Prehired, LLC and its affiliated entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The cases were subsequently converted to Chapter 7 on November 22, 2022.

14. On November 23, 2022, the Trustee sent an email stating: "I will make demand for turnover of funds from banks and other persons or entities holding funds of the Debtors directly to them." See Exhibit A.

15. After this communication, Plaintiff confirmed that all Bank of America accounts for the Delaware entities were either closed or had their funds transferred to the Trustee's accounts in the subsequent weeks. Bank of America informed Plaintiff that the Prehired accounts had been closed, and his online access was terminated. See Exhibit A.

16. The Wells Fargo accounts tied to PreHired Accelerator, LLC and PreHired Recruiting, LLC in South Carolina, associated with Plaintiff's home address in Charleston, SC, were not accessed or claimed by the Trustee. To Plaintiff's knowledge, the Trustee neither gained nor attempted to gain access to these accounts, which remained under Plaintiff's control.

17. On or about November 30, 2022, during a meeting with Plaintiff, counsel, and the Trustee, Plaintiff specifically indicated his willingness to negotiate or discuss any remaining accounts that may be alleged to have a relationship to the bankruptcy estate.

18. The Trustee took no action regarding the Wells Fargo accounts for nearly two years, despite having full knowledge of their existence from the bankruptcy schedules and Plaintiff's explicit offer to discuss them.

## B. The Wells Fargo Account Transfers

19. On November 28, 2023, more than a year after the Trustee's confirmation that he had taken control of all estate accounts, Plaintiff received notice from Wells Fargo requiring him to move funds from certain accounts before closure.

20. This notice was sent to Plaintiff's home address - not to the Trustee's address - indicating Wells Fargo did not recognize these accounts as being under the Trustee's control.

21. The notice warned that failure to move the funds could result in a delay of several months before receiving a check.

22. Given these circumstances - including the significant passage of time (over a year), the lack of any follow-up by the Trustee, the explicit instruction from Wells Fargo to move the funds, and the Trustee's prior confirmation that he had already moved all estate funds - Plaintiff reasonably believed that these funds were not subject to the bankruptcy estate.

23. In December 2023, Plaintiff, using his own online banking credentials that had remained active and under his control since before the bankruptcy filing (from year 2021), logged into the Wells

Fargo online banking platform and transferred approximately $74,000 (not $79,000) from these accounts to FourLetter LLC, which subsequently used these funds for legitimate business expenses. The fact that Plaintiff maintained uninterrupted online banking access throughout this period further demonstrates that the Trustee had never taken control of or made any attempt to secure these accounts.

## C. The Trustee's Delayed Demand

24. On October 10, 2024, nearly two years after confirming all estate funds had been collected, the Trustee sent a demand letter (attached as Exhibit 1) that:
    a. Made unsupported assumptions about FourLetter LLC's ownership, stating only that it was "an entity the Trustee believes is owned and/or managed by you" based solely on registered agent status;
    b. Demanded immediate turnover of funds while misstating the amount as "$79,000.00" rather than the actual $74,000.00 shown in the bank statements attached to his own letter;
    c. Characterized the transfers as "improper and unlawful Withdrawals" that were "undertaken in knowing violation of the automatic stay under 11 U.S.C. § 362";
    d. Threatened sanctions, stating the Trustee "reserves all rights and remedies, including seeking sanctions under Sections 105 and 362 of the Bankruptcy Code for this blatant, knowing and intentional disregard of the automatic stay and conversion (if not theft) of estate property."

25. On October 16, 2024, Plaintiff sent a detailed 15-page response letter (attached as Exhibit 2) that:
    a. Maintained a professional and conciliatory tone throughout, explicitly stating: "While I hold no ill will towards you or the trustee, I believe it's important to address what I perceive as unfulfilled duties";

b. Provided complete transparency about the transfers and circumstances, including a comprehensive timeline of events;

c. Made multiple good faith settlement offers, specifically proposing "a settlement that presents a mutual opportunity beneficial to both parties";

d. Demonstrated willingness to discuss resolution, stating "I welcome your initial thoughts or concerns about this proposal. It does not need to be formal – a short email response will do."

26. On October 21, 2024, rather than engage with the facts presented or consider the settlement offer, the Trustee responded (attached as Exhibit 3) with a one-page reply that:

a. Summarily rejected any discussion, stating: "Unfortunately, you appear to read or interpret the Trustee's demand as an invitation to negotiate. It is (and was) not. Indeed, there is no discussion or negotiation to be had here";

b. Escalated immediately to threats of criminal liability, stating: "As the Trustee believes your (and Fourletter's) actions may give rise to potential criminal liability (apart from the civil liability referenced herein), you may wish to consult with appropriate counsel";

c. Demonstrated an intent to coerce compliance through threats rather than proper legal process, declaring he would "move forward and seek relief from the Bankruptcy Court to the fullest extent permitted by law" and would "faithfully (and zealously) carry out that duty" absent "full and immediate compliance."

27. This pattern of escalation to threats of criminal liability, particularly after Plaintiff's good faith offer to discuss settlement, appears designed solely to intimidate Plaintiff into compliance through coercion rather than proper legal process.

**D. The Trustee's Contradictory Positions**

28. The Trustee's current position regarding the Wells Fargo accounts creates an impossible contradiction that demonstrates either gross negligence or improper conduct:

   a. If the accounts were estate property:
      i. The Trustee failed to secure or collect these funds for nearly two years
      ii. The Trustee allowed unauthorized parties to maintain access
      iii. The Trustee failed to notify Wells Fargo of the bankruptcy
      iv. The Trustee misrepresented to the Court that he had collected all estate funds
      v. These failures constitute gross negligence in performing his duties

   b. If the accounts were not estate property:
      i. The Trustee is making improper claims and threats
      ii. The Trustee is attempting to coerce turnover of non-estate assets
      iii. The Trustee is breaching his fiduciary duties by pursuing baseless claims
      iv. The Trustee is abusing his position through improper threats

29. In either scenario, the Trustee's conduct falls below the standard required of a bankruptcy trustee and has caused damage to Plaintiff.

**E. Pattern of Contradictory Conduct**

30. The Trustee's handling of the Wells Fargo accounts demonstrates a pattern of contradictory and improper conduct: a. Initial Representations (November 2022):

   a. Claimed to be taking control of all estate accounts
   b. Confirmed collection of all estate funds
   c. Created reasonable reliance on these representations

31. b. Extended Period of Inaction (December 2022 - October 2024):

   a. Made no effort to secure alleged estate funds
   b. Failed to notify Wells Fargo of bankruptcy

7 - Complaint

    c. Allowed continued access to accounts

    d. Never responded to offers to discuss accounts

32. c. Sudden Reversal (October 2024):

    a. Made demands without investigation

    b. Ignored prior representations

    c. Refused reasonable discussion

    d. Escalated immediately to threats

33. This pattern demonstrates either: a. Gross negligence in securing estate assets; or b. Improper attempts to claim non-estate property through coercion.

### F. Impact of Trustee's Conduct

34. The Trustee's conduct has caused substantial harm, including:

    a. Creating uncertainty about account status

    b. Forcing Plaintiff to defend against improper claims

    c. Causing business disruption

    d. Generating unnecessary legal expenses

    e. Creating potential reputational harm

    f. Causing emotional distress through improper threats

## CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT - NON-ESTATE PROPERTY

35. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

36. An actual controversy exists between Plaintiff and the Trustee regarding whether the Wells Fargo accounts and transferred funds were property of the bankruptcy estate at the time of transfer.

37. As the Supreme Court established in Butner v. United States, 440 U.S. 48, 55 (1979), property interests in bankruptcy are determined by state law unless a federal interest requires a different result.

38. The Trustee's actions in:
    a. Confirming he had collected all estate accounts;
    b. Failing to take any action regarding these accounts for nearly two years;
    c. Never responding to Plaintiff's explicit offer to discuss these accounts;
    d. Allowing the accounts to remain under Plaintiff's control demonstrate that these accounts were either abandoned or never considered estate property.

39. Under Third Circuit precedent, a trustee's conduct can evidence abandonment of estate property. See In re Blatstein, 192 F.3d 88, 94 (3d Cir. 1999) (discussing implied abandonment through trustee conduct).

40. The November 23, 2022 email exchange (Exhibit A) creates a clear written record that:
    a. The Trustee intended to collect all estate funds;
    b. Plaintiff fully cooperated with the Trustee's demands;
    c. The Trustee was satisfied with the turnover of funds;
    d. No further collection was deemed necessary at that time.

41. Plaintiff is entitled to a declaration that the Wells Fargo accounts and transferred funds were not property of the bankruptcy estate at the time of transfer.

## COUNT II: EQUITABLE ESTOPPEL

42. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

43. The Third Circuit has established that equitable estoppel applies when:
    a. a party makes a misrepresentation,

9 - Complaint

    b. the other party reasonably relies upon that misrepresentation,

    c. the relying party would be materially harmed if the representing party were permitted to assert a position inconsistent with its earlier representation. In re Teleflex, 326 F.3d 714, 725 (3d Cir. 2003).

44. The Delaware Bankruptcy Court has specifically recognized that trustees can be estopped by their conduct and representations. See In re USN Communications, Inc., 280 B.R. 573, 592 (Bankr. D. Del. 2002).

45. The Trustee's representations and conduct regarding the accounts created a reasonable belief that they were not estate property, including:

    a. His explicit written statement in the November 23, 2022 email (Exhibit A) about collecting all estate accounts;

    b. His confirmation and acceptance of the funds that were turned over;

    c. His nearly two-year silence regarding any other accounts;

    d. His failure to respond to Plaintiff's offer to discuss the accounts;

    e. His allowing the accounts to remain under Plaintiff's control.

46. Plaintiff reasonably relied on these written representations and conduct in:

    a. Believing no further accounts needed to be turned over

    b. Maintaining the Wells Fargo accounts as non-estate property

    c. Transferring the funds when required by Wells Fargo

    d. Using the funds for legitimate business purposes

47. It would be inequitable to allow the Trustee to now claim ownership of these funds after his prior representations and extended inaction led Plaintiff to reasonably believe they were not estate property.

48. The Trustee should be equitably estopped from claiming these funds as estate property.

## COUNT III: BREACH OF FIDUCIARY DUTY

49. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

50. The Supreme Court has long recognized that bankruptcy trustees owe fiduciary duties to the estate and its stakeholders. Mosser v. Darrow, 341 U.S. 267, 271 (1951) (establishing trustee's personal liability for breaches of fiduciary duty).

51. The Third Circuit has specified that these duties include:
    a. The duty of care. In re Marvel Entertainment Group, Inc., 140 F.3d 463, 474 (3d Cir. 1998);
    b. The duty of loyalty. In re BH & P Inc., 949 F.2d 1300, 1310 (3d Cir. 1991);
    c. The duty of good faith. In re Pillowtex, Inc., 304 F.3d 246, 251 (3d Cir. 2002).

52. The Delaware Bankruptcy Court has held that trustees must exercise reasonable judgment and cannot act arbitrarily. In re World Health Alternatives, Inc., 344 B.R. 291, 297 (Bankr. D. Del. 2006).

53. The Trustee breached these duties by:
    a. Failing to properly identify and collect estate assets for nearly two years;
    b. Making baseless threats of criminal liability;
    c. Refusing to engage in reasonable discussion of the issues;
    d. Making demands for turnover without proper investigation.
    e. Attempting to coerce compliance through intimidation rather than proper legal process;
    f. Refusing to consider evidence or engage in good faith discussion;
    g. Responding to settlement offers with threats;
    h. Making unsupported allegations of criminal conduct.

54. These breaches have caused damage to Plaintiff, including:

    a. Legal expenses in responding to improper demands;

    b. Potential reputational harm from threats of criminal liability;

    c. Business disruption from improper claims to funds.

    d. Emotional distress from improper threats.

## COUNT IV: VIOLATION OF AUTOMATIC STAY

55. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

56. The Third Circuit has established that trustees have an affirmative duty to protect and preserve estate property subject to the automatic stay. In re Cybergenics Corp., 226 F.3d 237, 243 (3d Cir. 2000).

57. The Delaware Bankruptcy Court has held that a trustee's failure to properly administer estate assets can constitute an abuse of the automatic stay. In re Summit Metals, Inc., 379 B.R. 40, 54-55 (Bankr. D. Del. 2007).

58. The Trustee's demand letter asserts that Plaintiff violated the automatic stay by transferring funds from the Wells Fargo accounts.

59. However, if these accounts were truly estate property subject to the automatic stay, the Trustee had an affirmative duty to:

    a. Take prompt control of the accounts;

    b. Respond to Plaintiff's offer to discuss them;

    c. Prevent unauthorized access to them;

    d. Notify Wells Fargo of the bankruptcy.

60. The Trustee's failure to take any of these actions for nearly two years creates an unavoidable dilemma that demonstrates improper conduct under either scenario.

61. If the accounts were estate property subject to the stay, the Trustee grossly neglected his fiduciary and statutory duties by:
    a. Failing to secure estate assets for nearly two years
    b. Allowing unauthorized access to continue
    c. Misrepresenting to the Court that all estate accounts were collected
    d. Creating the very circumstances he now complains of through his own neglect
    e. This gross negligence constitutes an independent breach of fiduciary duty

62. If the accounts were not estate property subject to the stay, the Trustee is now breaching his fiduciary duties by:
    a. Making baseless claims to non-estate property
    b. Threatening criminal liability without proper basis
    c. Using his position to coerce compliance through intimidation
    d. Attempting to claim property he previously abandoned or never pursued b. This conduct constitutes an abuse of process and breach of fiduciary duty

63. In either scenario, the Trustee's conduct falls below the standard required by Third Circuit precedent. See In re Marvel Entertainment Group, Inc., 140 F.3d 463, 474 (3d Cir. 1998) (discussing trustee's duty of care); In re VistaCare Group, LLC, 678 F.3d 218, 232 (3d Cir. 2012) (addressing abuse of position).

64. The Trustee's current assertion of stay violations is therefore improper and causing damage to Plaintiff regardless of whether the accounts were estate property or not

## COUNT V: GROSS NEGLIGENCE AND BREACH OF STATUTORY DUTIES

65. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

66. The Third Circuit has established that trustees can be held personally liable for gross negligence in performing their statutory duties. In re Lampe, 665 F.3d 506, 516 (3d Cir. 2011).

67. Under 11 U.S.C. § 704(a), the Trustee's statutory duties include:

    a. Collecting and reducing to money property of the estate;

    b. Being accountable for all property received;

    c. Investigating the financial affairs of the debtor;

    d. Performing duties in the best interest of parties in interest.

68. The Delaware Bankruptcy Court measures trustee conduct against an objective standard of care. In re United Healthcare System, Inc., 321 B.R. 160, 169 (Bankr. D. Del. 2005).

69. The Trustee's November 23, 2022 email (Exhibit A) creates a contemporaneous written record that either:

    a. Demonstrates his gross negligence in failing to collect all estate property while representing he had done so;

    b. Confirms his understanding that the Wells Fargo accounts were not estate property.

70. Courts have found gross negligence where trustees:

    a. Fail to secure estate assets, demonstrating an extreme departure from the ordinary standard of care (A & J Capital, Inc. v. Law Office of Krug, C.A. No. 2018-0240-JRS, Del. Ch. Jan. 29, 2019);

    b. Make misrepresentations about estate property, acting "outside the bounds of reason." *Id.* (In re Gorski, 766 F.2d 723 (2d Cir. 1985));

    c. Fail to properly investigate claims (In re Pack Liquidating, LLC, 658 B.R. 305, 328 (Bankr. D. Del. 2024)).

71. If, and only if, the Court determines the Wells Fargo accounts were estate property, the Trustee was grossly negligent in:

    a. Failing to secure or collect these funds for nearly two years;

14 - Complaint

    b. Misrepresenting to the Court that he had collected all estate funds;

    c. Allowing unauthorized access to estate accounts;

    d. Failing to notify Wells Fargo of the bankruptcy;

    e. Creating circumstances that led to the current dispute through his own neglect.

72. The Trustee's gross negligence has caused damage to Plaintiff, including:

    a. Legal expenses in responding to improper demands;

    b. Business disruption;

    c. Reputational harm from improper threats.

**COUNT VI: ABUSE OF PROCESS**

73. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

74. The Third Circuit recognizes abuse of process claims against trustees who misuse their position. In re VistaCare Group, LLC, 678 F.3d 218, 232 (3d Cir. 2012).

75. The Delaware Bankruptcy Court has held that threats of criminal prosecution to gain advantage in civil proceedings constitute abuse of process. In re Catholic Diocese of Wilmington, Inc., 432 B.R. 135, 149 (Bankr. D. Del. 2010).

76. The Trustee's conduct in:

    a. Making threats of criminal liability in response to a good faith settlement offer;

    b. Refusing to consider evidence or engage in any discussion;

    c. Using his position to attempt to coerce compliance through threats constitutes an abuse of process.

77. This conduct serves no legitimate purpose in administering the estate and appears designed solely to intimidate Plaintiff into compliance without proper legal process.

78. The Trustee's actions have caused damage to Plaintiff, including:

 a. Emotional distress from improper threats;

 b. Legal expenses in responding to improper demands;

 c. Business disruption;

 d. Reputational harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment that the Wells Fargo accounts and transferred funds were not property of the bankruptcy estate at the time of transfer;

B. Find that the Trustee is equitably estopped from claiming ownership of these funds;

C. Find that the Trustee breached his fiduciary duties in his handling of this matter;

D. Determine that no stay violation occurred;

E. Enter an order preventing the Trustee from pursuing any claims related to these accounts;

F. Enter an order finding the Trustee's threats of criminal liability were improper and coercive;

G. Find that if the accounts were estate property, the Trustee was grossly negligent in failing to secure them;

H. Find that if the accounts were not estate property, the Trustee breached his duties by making improper claims;

I. Find that the Trustee breached his statutory duties under 11 U.S.C. § 704;

J. Award damages to Plaintiff for:

 a. The Trustee's improper conduct;

 b. Emotional distress caused by improper threats;

 c. The Trustee's gross negligence and/or breach of duty;

 d. Punitive damages for the Trustee's gross negligence and improper threats;

K. Enter an order requiring the Trustee to:

    a. Withdraw improper threats of criminal liability;

    b. Acknowledge his prior representations about estate accounts;

    c. Provide an accounting of his efforts to collect estate property;

    d. Explain his failure to act for nearly two years;

L. Enter an order preventing the Trustee from making further threats without court approval;

M. Award Plaintiff his reasonable legal fees and costs incurred in this action; and

N. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted on October 23, 2024.

By: /s/ Joshua Jordan
Joshua Jordan, admitted pro se
6650 Rivers Ave, STE 100
Charleston, SC, 29406
Tel: 843.790.3989
joshlegalstuff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, a true and correct copy of this document is being filed to the Clerk of the United States Bankruptcy Court for the District of Delaware for filing. Upon filing, the Clerk will serve the document via the Court's CM/ECF system upon all registered participants as identified on the Notice of Electronic Filing (NEF) and in accordance with the applicable service requirements.

By: /s/ Joshua Jordan
Joshua Jordan, Pro Se