**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| PREHIRED LLC, *et al.*, | Case No. 22-11007 (TMH) |
| Debtor. | |
| JOSHUA JORDAN, | Adv. Proc. No. 24-50178 (TMH)[1] |
| Plaintiff, | |
| v. | |
| DON A. BESKRONE, in his capacity as Chapter 7 Trustee, | |
| Defendant. | |

**MEMORANDUM OPINION**

In cases under chapter 7 of the Bankruptcy Code such as these, the United States Trustee appoints a trustee.[2] Unlike in a chapter 11 case, where the debtor remains in possession of its business, in a chapter 7 case, the debtor no longer controls its property or operates its business. Instead, the chapter 7 trustee takes over and fulfills a set of duties enumerated at Bankruptcy Code section 704. First

---

[1] The Plaintiff filed the motions adjudicated by this opinion in the above-captioned adversary proceeding. However, they do not actually relate to this adversary proceeding. Instead, they concern a suit filed by the Plaintiff in the United States District Court for the District of Delaware. See Jordan v. Beskrone, et al., Case No. 25-00023 (MN) (D. Del.).

[2] 11 U.S.C. § 701(a)(1) ("Promptly after the order for relief under this chapter, the United States trustee shall appoint one disinterested person that is a member of the panel of private trustees established under section 586(a)(1) of title 28 . . . to serve as interim trustee in the case.").

among those duties is the mandate to "collect and reduce to money the property of the estate for which such trustee serves . . . ."[3]

A chapter 7 trustee enjoys a considerable level of immunity from suits when acting in furtherance of their statutory duties. One of the most durable protections for the chapter 7 trustee is the so-called Barton Doctrine. Under the Barton Doctrine, a lawsuit against a chapter 7 trustee is barred unless the plaintiff first receives approval to proceed from the court presiding over the chapter 7 case. The logic underlying the Barton Doctrine is obvious – it prevents harassment of and distraction to a chapter 7 trustee for simply doing their job. It also serves an important gatekeeping function by centralizing control over a chapter 7 case in the court where it is pending. A would-be litigant seeking to assert claims against a chapter 7 trustee is required to submit to a screening of those claims by the bankruptcy court before pursuing them in a different court. The bankruptcy court determines whether the Barton Doctrine applies and whether to permit a suit to be filed.

Here, the Debtors' former CEO has admitted to withdrawing funds from a debtor bank account without the chapter 7 trustee's permission after these cases converted to cases under chapter 7. Seizing estate property is an archetypical example of a violation of the automatic stay of Bankruptcy Code section 362.

When the chapter 7 trustee demanded the funds be returned, instead of complying, the former CEO sued the chapter 7 trustee and his counsel in the United

---

[3] 11 U.S.C. § 704(a)(1).

States District Court for the District of Delaware (the "District Court"), alleging all manner of harm to him and his child caused by the chapter 7 trustee's demand that the former CEO return the money he took from the bank account.

This opinion addresses the former CEO's failure to seek and obtain this Court's permission to sue the chapter 7 trustee and his counsel before pursuing claims that are, in fact, barred by the Barton Doctrine.

Before the Court are former CEO Joshua Jordan's (the "Plaintiff") (a) Motion for Comfort[4] and (b) Motion for Leave to Pursue Claims Against Don A. Beskrone, Ricardo Palacio, and Ashby & Geddes, P.A. (the "District Court Defendants") in the United States District Court in their Individual Capacity (the "Motion for Leave").[5]

By the Motion for Comfort, the Plaintiff requests that this Court clarify whether it has jurisdiction to determine whether leave under the Barton Doctrine is required for the Plaintiff's claim against the District Court Defendants before commencing an action (the "District Court Action")[6] in the District Court.[7]

In the Motion for Leave, the Plaintiff requests that the Court grant him leave to pursue claims against the District Court Defendants in the District Court Action. The problem here is that the Plaintiff has already commenced the District Court

---

[4] D.I. 32. All docket index references are to the adversary proceeding, unless otherwise indicated.

[5] D.I. 58.

[6] Jordan v. Beskrone, et al., Case No. 25-00023 (MN) (D. Del. 2025).

[7] The Plaintiff proceeds pro se. His filings are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

3

Action without first seeking leave of this Court. Rather than seeking permission, the Plaintiff seeks an order blessing what he has already done.

Under the Barton Doctrine, the Plaintiff was required to seek and obtain leave of this Court before commencing the District Court Action. He did not. Moreover, the claims asserted in the District Court Action are barred under the Barton Doctrine. Accordingly, the Motion for Comfort and the Motion for Leave are denied.

## Factual and Procedural Background

On September 27, 2022, Prehired, LLC, Prehired Accelerator LLC, and Prehired Recruiting, LLC (the "Debtors") filed petitions under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The Plaintiff executed their petitions as the Debtors' authorized representative.

On October 26, 2022, the New York court transferred the cases to this Court.[8] On November 22, 2022, this Court granted the Debtors' motion to convert these cases to chapter 7.[9] The following day, the United States Trustee appointed Don Beskrone as the interim chapter 7 trustee (the "Trustee").[10] Mr. Beskrone is

---

[8] In re Prehired, LLC, Case No. 22-11293-PB (S.D.N.Y. 2022) [D.I. 32].
[9] Main Case D.I. 84.
[10] Main Case D.I. 85.

represented in these cases by the law firm of Ashby & Geddes, P.A. Ricardo Palacio is an attorney at Ashby & Geddes.[11]

On January 10, 2025, the Plaintiff commenced the District Court Action without first seeking or obtaining permission from this Court. The Plaintiff's Second Amended Complaint is pending.[12] Although the Second Amended Complaint runs to 101 pages, exclusive of exhibits, the factual allegations relevant to consideration of the Motion for Comfort and Motion for Leave are brief and largely undisputed.

The Plaintiff admits that in December 2023, he logged in to a bank account held by certain of the Debtors at Wells Fargo Bank.[13] The Plaintiff withdrew $74,000 from that account and transferred the funds to an entity called FourLetter, LLC, which then spent the funds.[14]

On October 10, 2024, the Trustee sent the Plaintiff a letter (the "Demand Letter")[15] demanding that the Plaintiff return the funds.[16] In the Demand Letter, the Trustee notified the Plaintiff that the withdrawals were "improper and unlawful" and made in knowing violation of the automatic stay under Bankruptcy

---

[11] See Order Pursuant to 11 U.S.C. §§ 327, 328, and 330, Fed. R. Bankr. P. 2014 and 2016 and Local Rule 2014-1 Authorizing the Retention and Employment of Ashby & Geddes, P.A. as Counsel to Don A. Beskrone, Chapter 7 Trustee, Nunc Pro Tunc to November 22, 2022 [Main Case D.I. 127].

[12] District Court Action D.I. 17.

[13] Id. ¶ 109.

[14] Id.

[15] Id. ¶ 113; Id. Ex. 1.

[16] Id.

Code section 362.[17] The Trustee demanded that the Plaintiff and/or FourLetter, LLC turn over the funds to the Trustee.[18] The Trustee further noted that he "reserves all rights and remedies, including seeking sanctions under sections 105 and 362[19] of the Bankruptcy Code for this blatant, knowing and intentional disregard of the automatic stay and conversion (if not theft) of estate property."[20]

On October 16, 2024, the Plaintiff responded by letter, providing details regarding the transfer of funds and the timeline of events.[21] The Plaintiff told the Trustee that FourLetter spent the funds but proposed a settlement that did not include returning the funds to the Debtors' estates.[22]

On October 21, 2024, the Trustee sent another letting advising the Plaintiff that he was not entitled to the funds and that the Trustee was not inviting a negotiation.[23] The Trustee once again demanded the Plaintiff return the funds he withdrew from the Wells Fargo account.[24] The Trustee also stated: "This is, by any measure, a serious matter. As the Trustee believes your (and

---

[17] Id.

[18] Id.

[19] Bankruptcy Code section 362(a)(3) forbids any person from taking "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." There are no plausible grounds to contest that the funds in the Wells Fargo account were property of Prehired, LLC's estate at the time the Plaintiff withdrew them.

[20] Second Amended Complaint ¶ 41.

[21] Id. ¶ 114; Id. Ex. 2.

[22] Id.

[23] Id. ¶ 118; Id. Ex. 3.

[24] Id.

Fourletter's) actions may give rise to potential criminal liability (apart from the civil liability referenced herein), you may wish to consult with appropriate counsel. All rights are reserved."[25]

The Plaintiff alleges that the Trustee's letter "[d]emonstrated an intent to coerce compliance through threats rather than proper legal process, declaring he would 'move forward and seek relief from the Bankruptcy Court to the fullest extent permitted by law' and would 'faithfully (and zealously) carry out that duty' absent 'full and immediate compliance.'"[26]

Because of this correspondence, the Plaintiff asserts causes of action in the Second Amended Complaint that include (i) "Gross Negligence and Breach of Statutory Duties;" (ii) "Abuse of Process;" (iii) "Intentional Infliction of Emotional Distress;" (iv) "Civil Conspiracy;" (v) "Tortious Interference with Business Relations; (vi) "Negligent Infliction of Emotional Distress;" (vii) a "Free Exercise Clause Violation;" (viii) "Violation of 42 U.S.C. § 1985(2) (Conspiracy to Obstruct Justice/Intimidate Party);" (ix) "Violation of 42 U.S.C. § 1986 (Neglect to Prevent Conspiracy);" (x) "Fraudulent Misrepresentation;" (xi) "Negligent Misrepresentation;" and (xii) "Declaratory Judgment – Institutional Misconduct."[27] The Plaintiff seeks tens of millions of dollars in damages and certain declaratory relief.[28]

---

[25] Id.

[26] Id. ¶ 105.

[27] Id. ¶¶ 228–362.

[28] Id. ¶ 363.

7

On April 15, 2025, the District Court Defendants filed a Motion to Dismiss the Second Amended Complaint in the District Court Action, citing the Barton Doctrine as its primary basis for dismissal.[29] This Motion to Dismiss is currently pending in the District Court.[30]

On March 20, 2025, the Plaintiff filed the Motion for Comfort.[31] In the Motion for Comfort, the Plaintiff asks that this Court "confirm . . . that [it] lacks jurisdiction to determine Barton's application to claims against Defendant Beskrone in his personal and individual capacity for ultra vires conduct, as alleged in the attached Complaint exhibit."[32] The Plaintiff further requests that, "[i]f this Court determines that Barton applies, confirm whether it has the constitutional and statutory authority to grant or deny leave under these specific facts, including constitutional violations, ultra vires conduct, and tort claims that do not affect estate administration."[33] The Plaintiff also requests other advisory relief.

The District Court Defendants objected to the Motion for Comfort, alleging primarily that the Plaintiff has violated the Barton Doctrine by not seeking leave of this Court before filing a suit that asserts claims arising out of actions taken in Mr. Beskrone's official capacity as chapter 7 trustee.[34]

---

[29] District Court Action D.I. 19–20.

[30] On May 8, 2025, the District Court issued an oral order staying the District Court Action pending resolution of the Motion for Comfort and the Motion for Leave.

[31] D.I. 32.

[32] Motion for Comfort at 6.

[33] Id.

[34] D.I. 43.

8

After completion of briefing on the Motion for Comfort, Mr. Jordan filed the Motion for Leave, requesting permission to pursue claims in the District Court Action against the District Court Defendants "in their individual capacities."[35]

For the reasons below, the Court determines that by commencing an action in the District Court without obtaining permission from this Court, the Plaintiff has violated the Barton Doctrine. The Court also determines that the claims asserted in the District Court Action arise out of actions properly taken by the District Court Defendants, acting in their official capacities, to recover funds that the Plaintiff has admitted to withdrawing from a debtor bank account. For those reasons, the Court denies the Motion for Comfort and the Motion to Leave.

## Jurisdiction

Venue is proper in this Court under 28 U.S.C. § 157(a) and the Amended Standing Order of Reference dated February 29, 2012. The Motion for Comfort and Motion for Leave give rise to core proceedings over which this Court has exclusive jurisdiction under 28 U.S.C. § 1334(b) because they arise under title 11.

## Analysis

**A.  The Plaintiff has violated the Barton Doctrine by not seeking leave of the Court.**

Almost a century and a half ago, the Supreme Court held in <u>Barton v. Barbour</u> that an action to recover money from a receiver may not proceed without permission of the court administering the trust property.[36] <u>Barton</u> involved a federal

---

[35] Motion for Leave at 12.
[36] <u>Barton v. Barbour</u>, 104 U.S. 126 (1881).

9

equity receiver, but the Third Circuit's decision in In re VistaCare Grp., LLC extended the application of the Barton Doctrine to bankruptcy trustees.[37]

The VistaCare court held that the bankruptcy court must authorize any suit against a trustee for acts done in the trustee's official capacity.[38] The bankruptcy court must undertake a screening of the pleading to determine if it may proceed in its own or a different court.[39] The court emphasized that this screening requirement is jurisdictional, noting that without permission of the bankruptcy court "no other court would have jurisdiction to hear the suit."[40] Therefore, the bankruptcy court has exclusive jurisdiction to determine whether a suit against a chapter 7 trustee may proceed. Consistent with that principle, the Third Circuit has held that the

---

[37] In re VistaCare Grp., LLC, 678 F.3d 218, 224 (3d Cir. 2012) ("We now join our sister circuits in holding that, under the doctrine established in Barton v. Barbour, leave of the bankruptcy court is required before instituting such an action. See, e.g., Lawrence v. Goldberg, 573 F.3d 1265, 1269 (11th Cir. 2009) (holding that the Barton doctrine is applicable to bankruptcy trustees); In re Crown Vantage, Inc., 421 F.3d 963, 970 (9th Cir. 2005) (same); Muratore v. Darr, 375 F.3d 140, 143 (1st Cir. 2004) (same); In re Linton, 136 F.3d at 545–46 (same); In re Lehal Realty Assocs., 101 F.3d 272, 276 (2d Cir. 1996) (same); In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993) (same); Anderson v. United States, 520 F.2d 1027, 1029 (5th Cir. 1975) (same).").

[38] Id. at 225.

[39] Id. (citing Porter v. Sabin, 149 U.S. 473, 479 (1893) ("It is for the appointing court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere.")); Barton v. Barbour, 104 U.S. at 128 ("[B]efore suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained.").

[40] In re VistaCare Grp., LLC, 678 F.3d at 225.

appropriate remedy for a suit filed in violation of the automatic stay is to dismiss the action.[41] A complaint filed in violation of the Barton Doctrine is void ab initio.[42]

Mr. Beskrone's role in administering property that is under this Court's jurisdiction ensures that he is afforded the protection of the Barton Doctrine if a plaintiff seeks to bring a suit against him. His retained professionals are also protected under the same doctrine.[43] While Mr. Jordan nominally asserts claims against the Trustee and his counsel in their personal and individual capacities, that distinction does not excuse him from having to comply with the Barton Doctrine. The Plaintiff was required to seek this Court's permission before commencing the District Court Action. And, in any event, as this opinion explains, the District Court Defendants acted in their official capacities, not in their individual and personal capacities.

---

[41] Id. at 232–33.

[42] See, e.g., Richardson v. Monaco (In re Summit Metals, Inc.), 477 B.R. 484, 497, 503 (Bankr. D. Del. 2012) (granting motion to dismiss where complaint was filed without leave of court in violation of Barton Doctrine and citing cases holding that such complaints are void ab initio).

[43] In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993) (holding that the Barton doctrine applies to the trustee and to "court appointed officers who represent the estate, [because they] are the functional equivalent of a trustee, [when] they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets."); McDaniel v. Blust, 668 F.3d 153, 157 (4th Cir. 2012) (affirming the dismissal of claims against the trustee's counsel, because the plaintiff's allegations "can be considered by the bankruptcy court . . . in its role as gatekeeper."); Lawrence v. Goldberg, 573 F.3d 1265 (11th Cir. 2009) (applying the Barton doctrine to the trustee, the trustee's court-approved attorneys, the investigator retained with court approval, and the creditor under a court-approved financing agreement); Blixseth v. Brown, 470 B.R. 562 (D. Mont. 2012) (applying the doctrine to the chairman of the unsecured creditors' committee as a court approved officer).

### B. The ultra vires exception to the Barton doctrine does not apply.

There are two exceptions to the Barton Doctrine – the "business exception"[44] and the "ultra vires exception." When these exceptions apply, a plaintiff does not need to seek leave of the appointing court before commencing an action in a different court.[45] The Plaintiff contends that the issue here is the ultra vires exception.[46]

The ultra vires exception to the Barton Doctrine is "extremely narrow" while the Barton Doctrine itself is "'extremely broad.'"[47] Indeed, "it may be no exaggeration to state that the exception applies only in cases in which a receiver wrongfully seizes or controls non-receivership property."[48]

The Third Circuit has not formally adopted the ultra vires exception to the Barton Doctrine.[49] In United Tax Group, LLC, the District Court considered, on appeal, whether the VistaCare decision necessarily creates an ultra vires exception

---

[44] The "business exception," which is codified at 11 U.S.C. § 959(a), provides in relevant part that "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."[44] The trustee here has not operated the Debtors' business, and the Plaintiff does not contend that the business exception applies.

[45] See, e.g., Benta v. Christie's, Inc., No. CV 2013-0080, 2021 WL 2546453, at *6 (D.V.I. June 21, 2021).

[46] See D.I. 32; Second Amended Complaint.

[47] Benta v. Christie's, Inc., 2021 WL 2546453, at *10 (citing In re W.B. Care Ctr., LLC, 497 B.R. 604, 611 (S.D. Fla. 2013) and In re DMW Marine, LLC, 509 B.R. 497, 507 (Bankr. E.D. Pa. 2014)).

[48] In re DMW Marine, LLC, 509 B.R. at 507.

[49] In re United Tax Grp., LLC, Civ. A. No. 18-93-LPS, 2018 WL 1187395, at *2 (D. Del. Mar. 7, 2018).

to the Barton Doctrine and determined that it does not.[50] The court determined that the Third Circuit has not recognized the exception and the bankruptcy court was not required to undertake an ultra vires analysis at all.[51] Nonetheless, like the bankruptcy court below, the District Court analyzed whether an ultra vires exception was applicable in the underlying case and determined it did not apply.[52]

This Court need not decide whether there is an ultra vires exception to the Barton Doctrine because even if there is, the District Court Defendants acted within their official capacities by demanding that the Plaintiff and/or FourLetter LLC return the money.

The Plaintiff argues his actions do not violate the Barton Doctrine because the conduct of the Trustee and his counsel was ultra vires and does not implicate the Debtors' estates. The Plaintiff is incorrect.

As the United Tax Group court explains, cases that apply the ultra vires exception do so only in the context of wrongful possession and seizure of property by the trustee or receiver.[53] To the extent that the ultra vires exception has developed

---

[50] Id.

[51] Id. ("As Appellants cite no Third Circuit authority addressing the ultra vires exception, and the Third Circuit has not recognized it, the Bankruptcy Court was not required to undertake the ultra vires analysis at all.").

[52] Id.

[53] In re DMW Marine, LLC, 509 B.R. at 507 ("Over the years, courts have curtailed the scope of "ultra vires" exception to the Barton Doctrine. While no court has said as much definitively, it may be no exaggeration to state that the exception applies only in cases in which a receiver wrongfully seizes or controls non-receivership property."); In re Weisser Eyecare, Inc., 245 B.R. 844, 851 (Bankr. N.D. Ill. 2000) ("Courts which have held trustees personally liable for actions taken outside the scope of their

over time, it has "been limited to instances in which the trustee wrongfully seizes non-estate property."[54] The Plaintiff does not allege that the District Court Defendants seized non-estate property. On that basis alone, the Plaintiff's contention that the District Court Defendants acted ultra vires fails.

However, even if one were to interpret the ultra vires exception to the Barton Doctrine to be more expansive, the Plaintiff's arguments are still groundless. The Plaintiff's allegations that the Trustee and his counsel were not acting within the scope of their duties are contradicted by the facts alleged in the Second Amended Complaint. In fact, the Plaintiff's allegations prove the contrary; the District Court Defendants acted in their official capacities.

The lynchpin of the Plaintiff's argument that the District Court Defendants acted ultra vires is set forth in the Second Amended Complaint. There, the Plaintiff alleges that the Trustee "[d]emonstrated an intent to coerce compliance through threats rather than proper legal process, declaring he would 'move forward and seek relief from the Bankruptcy Court to the fullest extent permitted by law' and would 'faithfully (and zealously) carry out that duty' absent 'full and immediate compliance.'"[55] However, the Plaintiff's allegation that the District Court Defendants acted with "intent to coerce compliance through threats rather than

---

authority, have mainly done so in matters involving a trustee's mistaken seizure of property not property of the estate, or other similar actions."); In re McKenzie, 716 F.3d 404, 415 (6th Cir. 2013) ("In fact, thus far, courts have only applied the ultra vires exception to the actual wrongful seizure of property by a trustee or receiver.").

[54] In re United Tax Grp., LLC, 2018 WL 1187395, at *4.

[55] Second Amended Complaint ¶ 118.

proper legal process" is belied by Plaintiff's admission that the Trustee actually stated he would "move forward and seek relief from the Bankruptcy Court to the fullest extent permitted by law." The District Court Defendants did not threaten the Plaintiff. They stated that they would use the legal process to carry out the Trustee's duties.

To be crystal clear about the gravity of the Plaintiff's actions, based on his own admissions, there is prima facie evidence he intentionally violated the automatic stay of Bankruptcy Code section 362(a)(3), which "operates as a stay . . . of [] any act to obtain possession of property of the estate . . . ."[56] The automatic stay is one of the most important features of the Bankruptcy Code. It protects the estate from being dismantled, facilitating the trustee's core mission of gathering all available estate assets and distributing them to creditors. An intentional violation of the automatic stay is a serious matter that the bankruptcy court has wide-ranging authority to remedy, including by the imposition of sanctions. It is against this backdrop that the Plaintiff's actions and the District Court Defendants' response are analyzed.

Consistent with his duties as a trustee, Mr. Beskrone, through his counsel, sent two letters seeking recovery of estate property that the Plaintiff has admitted to taking (in violation of the automatic stay), transferring to another entity, and spending. It was that harm that the Plaintiff inflicted on the Debtors' creditors and estates that the District Court Defendants were working to remedy. Pursuing the

---

[56] 11 U.S.C. § 362(a)(3).

15

return of funds that are property of the estate is at the heart of a trustee's duties.[57] The District Court Defendants' advice to the Plaintiff to seek counsel because of potential criminal liability was not wrongful and was not offered outside the scope of their official duties. In fact, it is expressly permitted and was indeed warranted under these facts in accordance with Rule 4.3 of the Delaware Lawyers' Rules of Professional Conduct.[58]

Finally, "[b]ecause a judgment against the trustee, whether ultimately satisfied out of the assets of the estate or out of the trustee's pockets, may affect the administration of the bankruptcy estate, '[t]he requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate' be either brought in the bankruptcy court or with the

---

[57] See McDaniel v. Blust, 668 F.3d 153, 157 (4th Cir. 2012) (stating that in making a determination of whether the complained-of act falls under the Barton doctrine, courts consider the nature of the function that the trustee or counsel was performing during the commission of actions for which liability is sought); In re Vaughan Co., Realtors, Adv. Pro. No. 12-1139, 2014 WL 585288, at *3 (Bankr. D.N.M. Feb. 14, 2014) (explaining that a bankruptcy trustee "[s]ending a demand letter before commencing litigation is fairly common; it is not wrongful, nor does it constitute a criminal threat").

[58] Rule 4.3 of the Delaware Lawyers' Rules of Professional Conduct states in relevant part, "In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client." (emphasis added).

16

permission of the bankruptcy court." [59] Therefore, while the Plaintiff appears to contend that the Barton Doctrine does not apply because he seeks recovery only from the District Court Defendants and not the Debtors' estates,[60] that argument has no merit. As one court has noted, "[t]here is no exception to the Barton doctrine for suits against a trustee's agents and/or counsel if the plaintiff is not seeking damages from the bankruptcy estate."[61]

Because the Plaintiff is proceeding pro se, this Court has construed the Plaintiff's filings liberally and viewed them in the light most favorable to the Plaintiff. However, based on the allegations set forth in the Second Amended Complaint, the Court finds that that District Court Defendants acted in their official capacities to address an intentional wrong that the Plaintiff committed against the Debtors' estates and creditors. The District Court Defendants' actions are paradigmatic examples of conduct protected under the Barton Doctrine.

---

[59] In re VistaCare Grp., LLC, 678 F.3d at 228 (quoting In re Crown Vantage, Inc., 421 F.3d at 971) (emphasis added).

[60] Motion for Comfort ¶ 4 ("Plaintiff explicitly disclaims seeking damages or monetary compensation from the bankruptcy estate itself.").

[61] Benta v. Christie's, Inc., 2017 WL 1345218, at *12.

**Conclusion**

For the foregoing reasons, the Motion for Comfort and Motion for Leave to Amend are denied.[62] The Court will enter separate orders.

Dated: May 30, 2025

*Thomas M. Horan*
Thomas M. Horan, U.S.B.J.

---

[62] While this Court finds that Plaintiff's claims are barred under the Barton Doctrine, its ruling does not dispose of the District Court Action. That is a matter entirely within the purview of the District Court.